IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

**JERE T. JONES and TERI JONES**                                          **PLAINTIFFS**

v.                                           **3:11CV00172-BRW**

**JPMORGAN CHASE BANK NA**
**f/k/a CHASE HOME FINANCE LLC.**                                **DEFENDANT**

## ORDER

Pending is Plaintiffs' Motion to Remand (Doc. No. 6). Defendant has responded (Doc. No. 8). For the reasons set out below, Plaintiffs' Motion to Remand is DENIED.

Plaintiffs seek a declaratory judgment that the non-judicial sale of their property was void for failure to comply with A.C.A. §§ 18-60-116 and 18-60-117 and a temporary injunction.[1] Defendants removed this case to federal court based on diversity jurisdiction.[2] Plaintiffs assert this Court is without jurisdiction because the amount in controversy is less than the minimum required in diversity jurisdiction cases.[3] Defendant argues that the relief sought in the Complaint determines the amount in controversy, which they claim is in excess of $75,000.[4]

A district court's jurisdiction extends to "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different states."[5] The determination of the value of the matter in controversy is a federal question

---

[1] Doc. No. 2.

[2] Doc. No. 1.

[3] Doc. No. 7.

[4] Doc. No. 9.

[5] 28 U.S.C. § 1332(a).

1

to be decided under federal standards.[6] There is no dispute that the parties are diverse. However, Plaintiffs claim the value of the case is below $75,000; Defendants claim that the value is greater.

The rules for determining whether the amount in controversy requirement has been satisfied are well settled. The party seeking to invoke federal jurisdiction has the burden of proving the existence of jurisdiction.[7] Where a plaintiff's complaint does not request more than the jurisdictional minimum on its face, the defendant has the burden to produce evidence establishing beyond a preponderance that the claim exceeds the jurisdictional minimum.[8] Thus, Defendant, as the removing party, must show by a preponderance that the value of the case is more than $75,000.

There appear to be three numbers that both Plaintiffs and Defendant agree on: (1) the original amount of the mortgage issued on April 18, 2007, was $58,673.00; (2) the reinstatement amount demanded was $21,078.62; and (3) the property was valued at $51,500.00 on the date of the filing of Plaintiffs' Motion to Remand. Plaintiffs argue that the amount in controversy should be "the amount owed on the mortgage loan" or "the fair market value of the property."[9]

While taking into account the amount owed on the mortgage loan or the fair market value of the property, Defendant argues that Plaintiffs neglect to consider their claims for compensatory damages, punitive damages, and attorney's fees and costs.[10] "The general federal rule has long been

---

[6]*Hedberg v. State Farm Mutual Automobile Ins. Co.*, 350 F.2d 924, 928 (8th Cir. 1965).

[7]*Hatridge v. Aetna Casualty & Surety Co.*, 415 F.2d 809, 814 (8th Cir. 1969); *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178 (1936).

[8]*De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1411-12 (5th Cir. 1995); *Gafford v. General Electric Co.*, 997 F.2d 150, 158 (6th Cir. 1993).

[9] Doc. No. 7.

[10] Doc. No. 9.

to decide what the amount in controversy is from the complaint itself . . . ."[11]  It must appear to a "legal certainty" that the plaintiff's claim "is actually for less than the jurisdictional amount."[12] "The legal certainty standard is met where the 'legal impossibility of recovery [is] so certain as virtually to negative the plaintiff's good faith in asserting the claim.'"[13]

In determining whether there is a legal certainty that Plaintiffs' claims are less than $75,000, I must consider the relief they seek in their Complaint.  The law permits me to consider claims for compensatory damages, punitive damages, and attorney's fees and costs when determining the amount in controversy.[14]

When taking Plaintiffs' numbers alone, the starting point for the amount in controversy ranges from $51,500.00, the fair market value of the property, to $64,764.47, the amount owed on the mortgage loan.  As Defendant points out, "this would require compensatory damages, punitive damages, and attorney's fees to account for $23,500 on the low end, and $10,236 on the high end" to reach the requisite amount in controversy.  Based on these numbers and the relief Plaintiffs seek, I cannot find that it is a legal certainty that Plaintiffs' claims are for less than $75,000.

---

[11] *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353 (1961).

[12] *Schubert v. Auto Owners Ins. Co.*, No. 10-2761, 2011 WL 3518174, at *3 (8th Cir. Aug. 12, 2011).

[13] *Id.* (quoting *JTH Tax, Inc. v. Frashier*, 624 F.3d 635, 638 (4th Cir. 2010)).

[14] See *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 350 (8th Cir. 2007) (court may consider punitive damages in determining amount in controversy); A.C.A. § 16-22-308 permits recovery of attorney's fees in a contract action.

## **CONCLUSION**

Plaintiffs' Motion to Remand (Doc. No. 6) is DENIED.

IT IS SO ORDERED this 12th day of October, 2011.

/s/Billy Roy Wilson
UNITED STATES DISTRICT JUDGE